SALES FINANCE CORP. *vs.* McDERMOTT APPLIANCE
COMPANY, INC. & others.

Middlesex. February 3, 1960. — March 8, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Trust Receipt. Name. Corporation,* Name.

A trust receipt and a statement of trust receipt financing executed by a
corporation having the word "Company" in its name were not invalid
as against assignees for the benefit of its creditors merely because in
the recital of its name and in its signature in such documents the word
"Company" was abbreviated to "Co."

REPLEVIN. Writ in the Superior Court dated March 3,
1958.

The action was heard by *Coddaire,* J.

*Herbert Abrams,* for the plaintiff.

*Cyril Hochberg,* for the defendants.

WHITTEMORE, J. This replevin action puts in issue the
title to merchandise which, when seized under the writ, was
in the possession of the defendants Millen and Lamb as
assignees for the benefit of creditors of the corporate de-
fendant, McDermott Appliance Company, Inc., and claimed
by the assignees as their property. The plaintiff asserts a
security title under trust receipts executed by the corporate
defendant in 1957 in which it described itself as, and signed,
McDermott Appliance *Co.* Inc. (emphasis supplied). The
statement of trust receipt financing filed with the State
Secretary under G. L. c. 255A, § 13, on August 15, 1957,
used the same abbreviation in stating the name of the trustee
and was signed in the same way. There was evidence that
the corporation did business under this shortened name.
The corporate defendant was defaulted. The judge in the
Superior Court made findings and rulings and a general
finding for the other defendants, and denied requests of the

plaintiff for rulings, to all of which the plaintiff claims exceptions. The issue is the validity of the statement of trust receipt financing.

We rule that the filed statement was a notice in respect of McDermott Appliance Company, Inc , and that it was valid under G. L. c. 255A, § 13. The use of any altered form of a corporate name entails risk, but we think this change was insignificant. *Georgetown Sand & Gravel Co. Inc.* v. *Burr,* 338 Mass. 762, 763. There was no reasonable possibility that anyone would be misled by it. That the trustee was a corporation was expressed in the name; the abbreviation of "Company" to "Co." is common practice; the great unlikelihood was manifest that two corporations would continue to function with substantially identical names, or would be allowed to. The case of *General Motors Acceptance Corp.* v. *Haley,* 329 Mass. 559, although it may reasonably be taken to support the rulings of the judge, presented different facts and may be distinguished. The trustee's name was E. R. Millen Co., Inc. The statement of trust receipt financing filed on January 20, 1950, named the trustee as E. R. Millen Company and the trustee's signature was E. R. Millen Trustee. For about a month prior to the incorporation of E. R. Millen Co., Inc., on March 31, 1948, E. R. Millen with two other persons did business under the name of E. R. Millen Company. "[E]xact compliance with the statute" (*ibid.,* 565) requires that the filed statement contain "a . . . designation of the trustee" and be signed by the trustee. In the case before us there was a naming of the trustee which could not be misunderstood. We think this was a "designation of the trustee" and it follows that the signature in the same form was a signature of the corporation.

The construction we adopt is consonant with the provisions of the Uniform Commercial Code, G. L. c. 106, § 9–402 (5),[1] which is not applicable to this case because not effective prior to October 1, 1958. St. 1957, c. 765, § 21.

[1] "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

The plaintiff's third and fourth requests[1] should have been given. The ruling, expressed as a finding, that "the statement is not valid to preserve the plaintiff's security interest . . . against the . . . assignees for the benefit of creditors of McDermott Appliance Company, Inc.," was in error.

The exceptions are sustained. Judgment is to be entered for the plaintiff in accordance with this opinion.

*So ordered.*

---

[1] "3. The evidence warrants a finding that the defendant by assuming a different name entered into a valid contract of trust receipt financing with the plaintiff by [*sic*] which the rights of third parties and lien creditors are subject. 4. The evidence warrants a finding that the designation of the trustee in the statement of trust receipt financing wherein the word company is abbreviated does not make the statement invalid as against the assignee for the benefit of creditors."