**Mary Louise RILEY, Appellant,**

v.

**Ruth MILLER et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1977.

W. Pelham McMurray, McMurray & Livingston, Paducah, for appellant.

Joe A. Owen, Prince & Owen, Benton, for appellees.

Before HOGGE, WHITE and LESTER, JJ.

HOGGE, Judge.

This appeal is from a judgment of the Marshall Circuit Court wherein the court found a chattel mortgage executed in favor of the appellee was superior to a lien asserted by the appellant.

Appellant obtained a judgment against one Leonard Miller in June 1974. On November 26, 1974, she attempted to levy execution on a herd of cattle in which Leonard Miller held a partnership interest. At that time, appellant found that Miller's interest in the cattle was subject to a "security interest", referred to herein and in the record as a chattel mortgage, executed in favor of the appellee. The chattel mortgage, filed in the Marshall County Court House, lacked the signature of the secured party and the addresses of either party.

Sitting without a jury, the Marshall Circuit Court heard the case upon the depositions, exhibits and briefs of the parties. The court issued findings of fact, conclusions of law and judgment wherein the court found the defects in the chattel mortgage to be technical in nature and concluded there had been substantial compliance with the requirements of KRS 355.9–402.

Therefore, the chattel mortgage was prior and superior to the levy of execution issued by the appellant. From that judgment this appeal is brought.

The essential facts are not in dispute and only two questions are raised on this appeal. First, is it a fatal error to omit the signature of the secured party from the face of a chattel mortgage? Second, is it fatal error to omit the addresses of both the creditor and the debtor from the face of the chattel mortgage?

The resolution of both of the above issues entails a construction of KRS 355.9-402(1) & (6) in conjunction with KRS 355.1-102. KRS 355.9-402(1) and (6) provide as follows:

(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items or collateral.

(6) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

KRS 355.1-102 provides as follows: "(1) This chapter shall be liberally construed and applied to promote its underlying purposes and policies." With the above in mind, we must determine what the purposes of KRS 355.9-402 are and whether the deviations from it were seriously misleading so as to defeat its purpose. The most obvious and most important purpose behind the requirements set forth in KRS 355.9-402(1) is to put subsequent creditors on notice. Therefore, our inquiry must be whether the omissions were so misleading that the financing statement would fail to provide notice to prospective creditors that the property of the debtor was subject to a security interest. The only Kentucky case brought to our attention that directly addresses the issue at hand is *Alloway v. Stuart*, Ky., 385 S.W.2d 41 (1964). The appellant correctly points out that this case was decided soon after the Code was adopted in Kentucky, and the court stated it was granting a "period of indulgence." The court analyzed the issues and arrived at a holding consistent with the statute. In that case the signature of the creditor was omitted from the chattel mortgage. The court stated at page 43:

As was pointed out in the Queenan case, the *financing statement merely serves notice* of, and warning to, third parties that the creditor has some interest in the property which is in the physical possession of another . . . We believe *substantial compliance was had* (under subsection (6) of KRS 355.9-402) even though the creditor did not sign the instrument. *The failure to sign could not have seriously misled anyone.* [Emphasis ours.]

Id. at page 44, the court stated:

All circumstances in the case indicate full notice—and to enact a complete forfeiture because of a *minor error* during the period when even the essence of the Commercial Code was known to a few would not be in accordance with a fair conception of justice. [Emphasis ours.]

This position has since become widely accepted and, in 1970, the Permanent Editorial Board for the Uniform Commercial Code recommended an amendment to the Code that would remove the requirement of the creditor's signature on the financing statement. We see no reason for this court to retreat from the previously held position that the lack of the creditor's signature on the financing statement is a minor error and a financing statement with that omission, nevertheless, is in substantial compliance with KRS 355.9-402(1).

Next we must consider whether the absence of the addresses of the debtor and creditor from the financing statement will result in its failure. This omission is certainly more serious since the address not only provides a means whereby the debtor and creditor may be contacted in order that a prospective creditor may make further inquiry, but the address also aids in identi-

fying the parties to the agreement. We have found no Kentucky case that addresses itself to this issue. Nor have other jurisdictions been uniform in their position on this issue. We believe the position taken by the courts in *Rooney v. Mason*, 394 F.2d 250 (10th Cir. 1968) and *In re French*, 317 F.Supp. 1226 (E.D.Tenn.1970) is most consistent with the code and its underlying purposes. Those two cases held that, while the addresses of both the debtor and creditor are required, it will not necessarily be fatal error when they are omitted. The omission will be fatal only when it actually precludes the notice function of the financing statement. When the omission does not operate to prejudice the position of a subsequent creditor it shall not render the financing statement ineffectual.

■ It was neither alleged nor did the facts adduced below indicate that the omission of the addresses of the debtor and creditor operated to prejudice the position of the appellant. All the parties involved were residents of the same small town; the appellant knew both the debtor and the creditor and knew where they each lived. In the absence of a showing that the omission was prejudicial to the appellant, we conclude that the omission was not fatal.

The judgment is affirmed.

All concur.