In re John D. HEMBREE, Debtor.

Fred W. WOODSON, Trustee, Plaintiff,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION and John H. Hembree, Defendants.

No. 57224.

Supreme Court of Oklahoma.

Oct. 13, 1981.

As Corrected Oct. 26, 1981.

7. See footnote No. 3.

8. See footnote No. 2.

such appeal, the decision of the Panel shall be adopted by the Commission at that time and shall be subject to appeal to the Supreme Court as are other final orders of the Commission in such cases."

Fred W. Woodson, Tulsa, for plaintiff.

Blackstock, Joyce, Pollard, Blackstock & Montgomery by Marcia Scott Page, Tulsa, for defendant Gen. Motors Acceptance Corp.

Dyer, Powers, Marsh, Turner & Armstrong by Thomas G. Marsh, Tulsa, for amicus curiae Ford Motor Credit Co.

HODGES, Justice.

In this case, No. 81–00070, Adversary No. 81–0103, which is pending in the Bankruptcy Division of the United States District Court for the Northern District of Oklahoma, the federal district court has certified the following question pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.Supp. 1980 § 1601, et seq.:

> Under Oklahoma law, is the omission of the secured party's signature from the space provided for it on the lien entry form a defect which will defeat the secured party's perfection of its security interest?

This case was submitted to the bankruptcy court on stipulation concerning the issue of law and the following facts: On December 3, 1979, Ernie Miller Pontiac, Inc., sold a 1979 AMC Spirit, Vehicle Identification No. A9C439H149792, to the debtor, John D. Hembree; the debtor signed a retail installment contract which granted a security interest in the car to Ernie Miller Pontiac, Inc.; the contract and security interest were assigned to General Motors Acceptance Corporation; a certificate of title, lien entry form, and a $3.00 filing fee were prepared and submitted to the motor license agent of the Oklahoma Tax Commission; the lien entry form was received by the Oklahoma Tax Commission on December 17, 1979; the lien entry form which was submitted to the Oklahoma Tax Commission was completed in full except the signature of the secured party was omitted from the space provided for it on the form; the lien entry form was accepted by the motor license agent and a certificate of title was issued to the debtor which designated General Motors Acceptance Corporation as the lien holder; the debtor filed his petition in bankruptcy on January 22, 1971, and listed the automobile as a part of his estate.

It is contended by the debtor that the newly enacted statute governing perfection of liens on motor vehicles, 47 O.S.Supp. 1980 § 23.2b,[1] requires that the form be subscribed by the secured party before it is properly authenticated. The debtor urges that portions of the Uniform Commercial Code should be used analogously to reach this conclusion.[2] The debtor contends that

1. 47 O.S.Supp. 1980 § 23.2b provides in pertinent part:

"A. 1. Except for a security interest in vehicles held by a dealer for sale or lease, as defined in Section 1–112 of this title, a security interest, as defined in Section 1–201 of Title 12A, in a vehicle as to which a certificate of title may be properly issued by the Tax Commission shall be perfected only when a lien entry form, which shall be upon a form prescribed by the Commission, and the existing certificate of title, if any, of application for a certificate of title and manufacturer's certificate of origin containing the name and address of the secured party and the date of the securi-

ty agreement and the required fee are delivered to the Oklahoma Tax Commission or one of its motor license agents."

2. It is provided by 12A O.S. 1971 § 9–402(1) in pertinent part:

"(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral."

because 12A O.S. 1971 § 9–402(1) specifically requires that a financing statement be signed by the debtor and the secured party, so should the lien entry form; and that the signature is necessary for authentication. The creditor argues that the purpose of the statute is notification, not authentication; and that even though the form was not signed, it afforded notice to any interested party concerning the lien holder.

The applicable statute, 47 O.S.Supp. 1980 § 23.2b, provides that certain pertinent information must be disclosed on a form prepared by the Tax Commission before a security interest is properly perfected. Although the statute requires: the designation of the name and address of the debtor and the secured party; the date of the security agreement; and the payment of the required fee, there is no requirement that the form be signed by the secured party. A space for the signature of the secured party is, however, provided on the form prescribed by the Tax Commission.

The foundation of the debtor's and trustee's argument is premised on the reliance on the Uniform Commercial Code [UCC] 12A O.S. 1971 § 9–301(3) which subordinates the rights of the holder of an unperfected security interest in a motor vehicle to the rights of the trustee in bankruptcy.

We are not persuaded by the UCC analogy. Section 9–402(1) *specifically* provides that a financing statement is sufficient if it is signed by the debtor and the secured party, with their addresses, and contains a statement indicating the type of collateral. A sample form is also provided by § 9–402(3). Title 47 O.S.Supp. 1980 § 23.2b is *silent* concerning signatures. Further, the filing provisions of the UCC have been expressly rendered inapplicable in this instance by 12A O.S.Supp. 1979 § 9–302 (3)(3)(b)(4).[3]

Courts have consistently held that intent controls over form in creation of security interests,[4] and that the policy of liberal construction shall be applied to promote the underlying purpose of the UCC.[5] This liberality of construction is exhibited throughout the UCC and specifically by § 9–402(5)[6] which declares that a financing statement which is in substantial compliance is effective even though it may contain minor errors which are not seriously misleading.[7]

■ The policy underlying the perfection and recordation of security interests is to provide notice to interested parties.[8] The

3. It is provided by 12A O.S.Supp. 1979 § 9–302(3)(3)(b)(4):
"(3) The filing provisions of this article do not apply to a security interest in property subject to:
(b) a statute of this state which provides for central filing of, or which requires indication on a certificate of title of, such security interests in such property.
"(4) A security interest in property covered by a statute described in subsection (3) can be perfected only by registration or filing under that statute or by indication of the security interest on a certificate of title or a duplicate thereof by a public official."

4. See *Georgia-Pacific Corp. v. Lumber Products Co.*, 590 P.2d 661, 664 (Okl.1979).

5. *Matter of Save-On-Carpets of Arizona, Inc.*, 545 F.2d 1239 (9th Cir. 1976); *In re Littlejohn*, 519 F.2d 356 (10th Cir. 1975); *Benedict v. Lebowitz*, 346 F.2d 120 (2nd Cir. 1965); *Riley v. Miller*, Ky.App., 549 S.W.2d 314, 100 A.L.R.3d 385 (1977); *Strevell-Paterson Finance Co. v. May*, 77 N.M. 331, 422 P.2d 366, 369 (1967). It is provided by 12A O.S. 1971 § 1–102(1), (2):

"(1) This Act shall be liberally construed and applied to promote its underlying purposes and policies.
"(2) Underlying purposes and policies of this Act are
(a) to simplify, clarify and modernize the law governing commercial transactions;
(b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties.
(c) to make uniform the law among the various jurisdictions."

6. It is provided by 12A O.S. 1971 § 9–402(5):
"A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

7. See also, Annot., "Sufficiency Of Secured Party's Signature On Financing Statement or Security Agreement Under UCC § 9–402." (1980).

8. *First State Bank in Talihina v. United Dollar Stores*, 571 P.2d 444, 447 (Okl.1977).

only defect alleged by the trustee is the failure of the secured party to sign the lien entry form. It is conceded that the secured party is in full compliance with all other requirements and the form has been properly filed. We fail to see how a third party can be prejudiced or assisted by the presence of the secured party's signature when the name and address of the debtor and creditor are revealed by the lien entry form.[9]

■ We find that whether the UCC analogy is used, or whether the decision is reached only on a construction of § 23.2b, the failure of the secured party's signature to appear on the lien entry form does not invalidate the security interest because it is not required by § 23.2b, or it is such a non-prejudicial defect that the absence is excused by § 9–402(5). The omission of the secured party's signature from the space provided for it on the lien entry form is a minor defect which will not thwart the secured party's perfection of its security interest.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.

---

**9.** See 4 R. Anderson, "Uniform Commercial Code," p. 1308, § 9–402:21 (Cum.Supp.1974) for a similar viewpoint concerning the presence of the creditor's signature on a financing statement under § 9–402(1).