**In the Matter of Donald Allen KEEFER, Susan Deanna Keefer, Debtors.**

**Bankruptcy No. 82–01237.**

United States Bankruptcy Court,
D. Idaho.

Jan. 31, 1983.

Louis L. Uranga, Uranga & Uranga, Boise, Idaho, for petitioners D. Allan McEwin and Leona R. McEwin.

Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for trustee, L.D. Fitzgerald.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

This matter is before the court upon the trustee's objection to the application of the McEwins for abandonment of accounts receivable owing to debtors from Idaho Power Company, which receivables were assigned to the McEwins as security for an obligation owed them by debtors.

The basis of trustee's objection rests on the fact that the financing statement filed to perfect the security interest of the McEwins does not contain an address for the debtors. Thus, trustee argues, if the petitioners' security interest is unperfected, they have no enforceable interest in the property to support an abandonment under § 554. Idaho Code 28–9–402 states, in part:

> "(1) A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, *gives a mailing address of the debtor* and contains a statement indicating the types, or describing the items, of collateral."

Petitioners rely upon subsection (8) of I.C. 28–9–402, which provides:

> "(8) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

Petitioners also rely on the decision of this court in *In re Door Supply Center, Inc.,* 3 B.R. 103, 80 I.B.C.R. 5 (Bkrtcy.D.Idaho 1980) which held, *inter alia,* that a defect in the debtor's signature on a financing statement was not fatal under I.C. 28–9–402(1). In that case, the signature of two individuals, who were also listed as debtors on the financing statement, did not reflect any corporate capacity and thus failed to show they signed for the also listed debtor corporation. Petitioners contend that the error herein, the omission of the debtor's address

as required by the Idaho Code, is similarly minor in nature and not seriously misleading and therefore should not render the perfection of the interest invalid, at least absent a showing that a creditor was actually misled, citing *In re Lucasa International, Ltd.,* 13 B.R. 600, 603 (Bkrtcy.S.D.N.Y. 1981).

Trustee argues that the statutory exception to the requirement of substantial compliance is composed of two separate tests: that the error is minor, and that it is not seriously misleading. Accord, White and Summers, Uniform Commercial Code (2d ed. 1980) at 954. Trustee contends, assuming without conceding that the complete absence of the debtor's address was not seriously misleading, it is not a minor error and reflects instead substantial noncompliance with the terms of the statute.

Having reviewed the authority cited by both parties, I conclude that the financing statement herein does not substantially comply with the requirements of I.C. 28–9–402(1). I thus reach the same conclusion as the Idaho Supreme Court in *Whitworth v. Krueger,* 98 Idaho 65, 74–5, 558 P.2d 1026 (1976), wherein a majority of the court concurred in the following written by Chief Justice McFadden:

> "Further, the code requires the address of the creditor and debtor, and the lease does not include their addresses. The address requirement is strictly construed, because the potential creditor must be able to know where to go to get further information. Thus, inclusion of only a city or county is not adequate; a mailing address is needed. [citations omitted] As Anderson, *supra* [UCC, Vol. 4 (1971)] comments: 'While only substantial compliance with the statutory form of financing statement is required, there is no substantial compliance if the statement omits the debtor's address. * * * A financing statement is insufficient when it does not contain the address of the creditor. * * * ' "

I am aware that other courts have split on this issue. See Annotation, "Sufficiency of Address of Debtor in Financing State-

ment Required by UCC § 9–402(1)," 99 A.L.R.3d 807. I note, however, that the test proposed by petitioners, that proof be shown that a third party was actually misled by the omission, is but one view on the issue. Courts have struggled with the notice function of such statements and the impact an omission of one of the required elements may have thereon, and have justified their decisions in a number of ways.

Only a few mandatory requirements are set forth in § 28–9–402(1); here one was not satisfied in any fashion. The situation is unlike that presented in *Door Supply.* The facts of that case supported the conclusion that the error was minor, would not be seriously misleading to an inquiring creditor, and that the attempted compliance with § 28–9–402(1) was sufficient. Of the technical requirements, that the statement be "signed by the debtor" appears more susceptible to liberal interpretation and to application of the saving protection of § 28–9–402(8). See generally, White and Summers, *supra* at 954–56.

As previously noted by this court, the requirements of acquiring and perfecting a security interest under Idaho law are not onerous. Yet situations continually arise where creditors have failed to comply with one or more of the explicit mandates of Article 9 and must therefore seek "liberal construction" of the statute's requirements. The counterveiling bankruptcy policy, in an effort to achieve equality of distribution of assets, is to recover and make available to general creditors collateral in which a secured creditor has failed to perfect his security interest. Here, there is not a failed attempt to comply with such a, requirement, but rather no attempt. The petitioners' difficulties at this time stem from their own failures and the equities lie with the unsecured creditors of debtors.

I, therefore, conclude upon the record presented that the petition for abandonment should be denied and the trustee's objection thereto sustained. In view of the fact that the matter herein was fully briefed and argued, and since this decision would have a collateral effect in any later

action by the trustee to avoid the asserted security interest of the McEwins, there appears to be no reason to require the institution of an adversary proceeding by the trustee to determine the identical issue.

Counsel for trustee is to prepare a proposed order accordingly.