## CIRCUIT COURT OF FAIRFAX COUNTY

Teel Construction, Inc.

     v.

Lipper, Inc.

January 9, 1990

Case No. (Chancery) 111426

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on plaintiff Teel Construction, Inc.'s ("Teel") motion to determine the validity of a financing statement filed by Riggs National Bank ("Riggs") on certain goods owned by Lipper, Inc. ("Lipper"). Teel sought to satisfy a prior judgment against Lipper by directing the Fairfax County Sheriff to levy upon certain inventory and goods of Lipper. The Sheriff levied upon Lipper's inventory on September 28, 1989, and October 6, 1989. Riggs claims that the levies were ineffective because the goods levied upon were pledged to Riggs as collateral for a loan made to Lipper by a properly filed financing statement. Teel claims that Riggs's financing statement failed to perfect its security interest because the statement claimed a security interest only on furniture and inventory at a non-existent address.

*Issue*

Does an error in identifying the address of the goods covered by the financing statement preclude the financing statement's protection against levy of the goods by another judgment creditor?

*Discussion*

Virginia Code § 8.9-402, which sets forth the formal requirements for a financing statement, states that:

> [a] financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives the address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.

Va. Code Ann. § 8.9-402 (1989).

These formal requirements are modified in subsection 8, which provides that "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." Va. Code Ann. § 8.9-402(8) (1989).

Contrary to its position on the perfection of mechanic's liens, the Virginia Supreme Court has interpreted Section 8.9-402(8) as "creat[ing] a system of notice filing which contemplates further inquiry by a party in order to determine whether a particular asset is covered by a security agreement." *Hixon v. Credit Alliance Corp.*, 235 Va. 466 (1988) (quoting *In re Tebbs Const. Co., Inc.*, 39 B.R. 742, 746 (Bkrtcy E.D. Va. 1984)). In *Hixon*, the Supreme Court also quoted with approval paragraph 2 of the Official Comment to Code § 8.9-402, which states that

> [t]his section adopts the system of "notice filing" which proved successful under the Uniform Trust Receipts Act. What is required . . . is . . . only a simple notice which may be filed before the security interest attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs.

*Hixon* at 471.

*Hixon* shows that Virginia does not require literal and total compliance with the terms of § 8.9-402 in order for a financing statement to be perfected and valid.

There are no Virginia cases interpreting § 8.9-402 under the facts of this case, but the decision of the bankruptcy court in *In re Tebbs Const. Co., Inc.,* shows the reasoning which might be applied. 39 B.R. 742 (Bankruptcy E.D. Va. 1984). In *Tebbs,* the court faced the issue of whether a financing statement filed under § 8.9-402 contained a sufficient description of the collateral. The financing statement described the collateral by type, then referred to and incorporated an "attached security agreement" which was never attached to the financing statement. *Tebbs* at 745. The court felt that the description by type was sufficient under § 8.9-402, so the creditor's attempt to be more specific by attaching a further description did not invalidate it. *Id.* at 747. The court was "satisfied that . . . a 'reasonably diligent searcher' would not be misled by the irregularity and, therefore, would be able to reasonably ascertain which assets were governed by the bank's financing statement . . . ." *Id.* Under this reasoning, it would have been "reasonably diligent" of Teel to call Riggs and ask about its security interest.

There are cases from other jurisdictions involving the same section of the UCC which discuss the omission or incorrect statement of the debtor's mailing address. These cases generally agree that the failure to include any address of the debtor is fatal to perfections. *See In re Keefer,* 35 U.C.C. Rep. Serv. 1355, 26 B.R. 597 (Bkrtcy. D. Ida. 1983); *In re Lindley,* 12 U.C.C. Rep. Serv. 757 (N.D. Ala., Ref., 1973); *In re L & K Transp. Co., Inc.,* 30 U.C.C. Rep. Serv. 1745, 8 B.R. 921 (D. Mass. 1981) (omission of Debtor's address is not a minor error as contemplated by § 9-402 when debtor is not so well known that there can be no mistake as to its identity); *but see, Riley v. Miller,* 21 U.C.C. Rep. Serv. 1206, 549 S.W.2d 314 (Ky. 1977) (absence of debtor's address not fatal where omission was not shown to be prejudicial to judgment lienor because lienor knew both debtor and creditor personally.) But when the debtor's address is

merely incomplete or deficient in some other way, courts generally weigh the difficulty an interested party would encounter in trying to contact or identify the debtor given only the incomplete address. *See, In re Benglston*, 3 U.C.C. Rep. Serv. 283 (D. Conn., Ref., 1965) (misspelling town name in address of debtor minor error because mail would almost certainly reach debtor); *In re Simpson*, 4 U.C.C. Rep. Serv. 250 (W.D. Mich., Ref., 1966) (putting former mailing address of debtor on financing statement sufficient because inquiry at former address would lead to new address). These cases lead to the conclusion that the sufficiency of the address of the debtor in a financing statement should be a question of fact since an address sufficient in some circumstances might be insufficient in another. *See Mid-America Dairymen v. Newman Grove Cooperative Creamery Co., Inc.*, 13 U.C.C. Rep. Serv. 1154, 214 N.W.2d 18 (1974) (sufficiency of secured party's address a question of fact).

The sufficiency of Lipper's address on the financing statement takes on even more importance in this case because Riggs described the collateral only as "[a]ll inventory now owned or hereafter acquired by Lipper . . . and located at [the incorrect address]." The debtor address in this case is used to identify the property levied and not merely to locate the debtor, which might be easily accomplished.

Nevertheless, Teel knew where Lipper was located and under the rule in *Hixon, supra*, is required to make further inquiry of the secured party in order to determine whether a particular asset is covered by a security agreement.

Riggs has a valid financing statement and Teel's lien is unenforceable.