George CATANIA et al., Appellants,

v.

GARAGE DE LE PAIX, INC., et al., Appellees.

No. 936.

Court of Civil Appeals of Texas, Tyler.

Sept. 30, 1976.

Rehearing Denied Oct. 28, 1976.

George M. Bishop, Tipton & Bishop, Houston, for appellants.

Milton Schwartz, Schwartz, Judice & Farrell, Houston, for appellees.

MOORE, Justice.

Appellants, plaintiffs below, brought suit against appellees, defendants below, seeking damages for fraud in the inducement of a real estate lease agreement under the provisions of the Texas Business and Commerce Code, sec. 27.01 and, in the alternative, for the rescission of the lease contract because of fraud and deceit and sought a recovery of prepaid rent and for damages for conversion of certain personal property left on the leased premises. After a trial before the court judgment was entered granting appellants a $4,000 recovery for conversion of personal property left on the leased premises but denied them any relief on their claim for fraud. Appellants have limited their appeal to that part of the judgment denying them any relief on their claim for fraud. Appellees seek the reversal of that part of the judgment awarding appellants a recovery for conversion.

We affirm the judgment except that portion granting appellants judgment for conversion which we reverse and render in favor of appellees.

The appellants, George Catania and Earl Williams, leased a restaurant from the appellee, Garage De Le Paix, Inc., a Texas corporation. The lease which was for five years was to encompass the period from January 1, 1973, through December 31, 1977. Under the terms of the lease, the appellants as lessees agreed to pay rent of $2,000 per month and to assume the obligations of maintenance, insurance, taxes, etc. Upon execution of the lease appellants paid the lessors the sum of $24,000 covering the rent for the first month and prepaying the rent for the last eleven months in accordance with the terms of the lease. The appellants operated the restaurant on the leased premises for about one year under the lease and then, with the consent of the appellee corporation, they assigned the lease and sold several items of operating equipment in the nature of personal property to Mark Harris. Harris continued to operate the restaurant for about six months after which he vacated the premises, leaving behind the operating equipment he had purchased from appellants. At the time Harris abandoned the premises he was one month's rent in arrears and there were three and one-half years remaining on the lease. After the assignee Harris vacated, the appellees immediately re-entered the premises, changed the locks to the building and set out to find a new lessee.

It is apparent from the pleadings and the evidence that aside from their cause of action for conversion the appellants sought to recover upon two theories. First, they sought damages for fraud and secondly, they sought a rescission of the contract based upon fraud in the inducement and prayed for a recovery of $22,000 in prepaid rent. In his findings of fact and conclusions of law the trial judge found, among other things, that the appellees did not make any of the fraudulent representations alleged by the appellants as a basis for the cause of action for fraud. The court further found that the appellants abandoned the premises and defaulted in the lease payments. Finally, the court found that the lessor converted certain personal property of the appellants worth approximately $4,000. As conclusions of law the court found that the lease was a binding and valid agreement not having been procured by fraud or deceit and that there had been no unjust enrichment. The court concluded further that although the appellants were entitled to a judgment for conversion in the amount of $4,000 appellants were not entitled to any relief on their claim for fraud.

Appellants have no points of error attacking the trial court's findings that the evidence failed to establish fraud on the part

of appellees. Appellants' points of error,[1] as we understand them, contend that the trial court erred in refusing to make additional findings in response to their request, by refusing to find that after appellants abandoned the leased premises and the appellees re-entered, the lease contract became terminated and therefore appellants were entitled to recover the sum of $22,000 in prepaid rent. Appellants now contend on this appeal that since the record establishes that the lease was terminated as a matter of law by the acts and conduct of the parties, it becomes our duty to reverse and render judgment in their favor for the prepaid rent. We cannot agree with this proposition.

The record is devoid of any pleadings or proof establishing a cause of action upon the theory that the lease terminated. The record clearly shows that aside from the cause of action for conversion, the appellants' theory of recovery was based solely on actionable fraud and, alternatively, for rescission of the lease contract based on fraud in the inducement thereof. The trial court, therefore, properly refused to find that the appellants were entitled to a recovery on the ground that the lease contract was terminated since the case had not been tried on that theory.

It is now well settled that a case will not be reviewed by the appellate court on a different theory from that on which it was tried below. *Safety Casualty Co. v. Wright,* 138 Tex. 492, 160 S.W.2d 238 (1942); *American Mutual Liability Ins. Co. v. Parker,* 144 Tex. 453, 191 S.W.2d 844 (1945); *Johnson v. Faulk,* 470 S.W.2d 144 (Tex.Civ.App.—Tyler 1971, no writ); *Reisenberg v. Hankins,* 258 S.W. 904 (Tex.Civ.

App.—Amarillo 1924, writ dism'd). Inasmuch as this cause was tried and submitted to the trial court solely on the issue of fraud, it cannot be reviewed and determined by this court on a different theory. Appellants' points of error are overruled.

The only remaining matter to be determined is the appellees' crosspoint complaining of the $4,000 in damages assessed against them for the conversion of personal property left on the premises after the abandonment by the assignee of the lease. Appellees seek reversal on the ground that appellants failed to prove either ownership of the property or that they were entitled to its possession.

First, we note that the appellees failed to request the trial court to make findings of fact and conclusions of law on this issue. In these circumstances, the judgment will not be disturbed if there is any evidence of probative force to support the same. In this instance we have concluded that there is no evidence to support the judgment for conversion and, therefore, the judgment in this regard must be reversed.

In this jurisdiction conversion is the unauthorized and wrongful exercise of dominion and control over another's personal property, to the exclusion of or inconsistent with the rights of the owner. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 447 (Tex.1971). It is essential that the plaintiff establish some interest in the property as of the time of the alleged conversion, such as title or otherwise some right to possession. *Guinn v. Lokey,* 151 Tex. 260, 249 S.W.2d 185, 186 (1952); *Gable Electric Service, Inc. v. Mims,* 364 S.W.2d 292, 296 (Tex.Civ.App. 1963, no writ); *Pacific Finance Corp. v.*

1. "POINT ONE: The Trial Court erred in not finding as a matter of law that the actions of the Appellees in reletting the premises for their own account rather than for the account of the Appellants constituted an acceptance of surrender of the lease by operation of law.

"POINT TWO: The Trial Court erred in not finding as a matter of law that the action of the Appellees in changing the locks of the premises after the sub-lessee's abandonment was an act inconsistent with Appellants' possession and

this was an acceptance of Appellants' offer to terminate the lease.

"POINT THREE: The Trial Court erred in not finding as a matter of law that by the conversion of the Appellants' property, the Appellees took from the Appellants' property that was essential to the operation of the restaurant. These acts were inconsistent with the continued relation of landlord-tenant and Appellees thus have not taken the proper precautions to prevent a termination of the lease."

**242**

*Crouch,* 243 S.W.2d 432 (Tex.Civ.App.—Texarkana 1951, no writ). A plaintiff who has not shown title or some other right to possession of the property allegedly converted may not maintain a suit in conversion. *Epstein v. Meyer Bros. Drug Co.,* 82 Tex. 572, 18 S.W. 592, 593 (1891); *Oliver Chilled Plow Works v. Askey,* 22 S.W.2d 743, 744–45 (Tex.Civ.App. —Eastland 1929, no writ). In the instant case we fail to find any evidence of probative force to show any title or right to possession in the appellants. To the contrary, the document assigning the lease to Harris showed on its face that appellants had sold the property in question to Harris. Moreover, the appellant, George Catania, admitted in his testimony that the property was sold to Harris at the time of the assignment of the lease. The evidence further established that Harris, rather than the appellants, had been in possession of the property for six months prior to the abandonment of the premises. The record, therefore, clearly shows that appellants did not establish the necessary interest in the property in order to form the basis for a suit in conversion.

In view of our holding that there is no evidence, as a matter of law, to support the trial court's finding of conversion, we do not reach appellees' further contention that the trial court's finding and judgment of conversion is against the great weight and preponderance of the evidence. For the reasons stated herein, we affirm the judgment in all respects except that part awarding appellants a $4,000 judgment for conversion which we hereby reverse and render judgment that the appellants take nothing.

Affirmed in part and reversed and rendered in part.