In the Matter of CENTRAL WISCONSIN AG SUPPLY, INC., Debtor.

P.A.G. GARDEN PRAIRIE, INC., Plaintiff,

v.

CENTRAL WISCONSIN AG SUPPLY, INC., Farmers & Merchants Union Bank, Royster Company, Grower Service Corporation, Terra Chemicals International, Inc., Ottawa Strong & Strong, Inc., and Ronald B. Paskin, Trustee, Defendants.

Adv. No. 83–0040.

United States Bankruptcy Court,
W.D. Wisconsin.

July 12, 1983.

[REDACTED]

Denis Bartell, Ross & Stevens, S.C., Madison, Wis., for P.A.G. Garden Prairie, Inc.

Leslie Brodhead Griffith, Ross & Chatterton, Madison, Wis., for Ottawa, Strong & Strong, Inc.

Jack Aulik, Aulik, Brill & Eustice, S.C., Sun Prairie, Wis., for Terra Chemicals Intern.

William J. Rameker, Murphy, Stolper, Brewster & Desmond, Madison, Wis., for Cent. Wisconsin Ag.

Randall Lueders, Behl & Lueders, Columbus, Wis., for Farmers & Merchants Union Bank.

Michael E. Skindrud, LaFollette, Sinykin, Anderson & Munson, Madison, Wis., for Royster Co.

Michael P. Erhard, Foley & Lardner, Madison, Wis., for Grower Service Corp.

Ronald B. Paskin, Paskin & Kepler, Madison, Wis., trustee.

ROBERT D. MARTIN, Bankruptcy Judge.

The debtor Central Wisconsin Ag Supply, Inc. filed its chapter 11 petition on November 5, 1982. The case was converted to a chapter 7 on January 10, 1983. In this adversary proceeding the plaintiff, P.A.G. Garden Prairie, Inc., ("P.A.G.") asks the court to determine the priority of competing security agreements in the inventory and accounts of the debtor.

On November 29, 1979 the debtor and P.A.G. entered into an agreement whereby P.A.G. agreed to sell the debtor certain agricultural chemicals and supplies. At the same time, the parties signed a security agreement granting P.A.G. a security interest in debtor's accounts receivable and inventory. P.A.G. filed a financing statement with the Wisconsin Secretary of State on January 23, 1980. The financing statement names the debtor as "Central Wisconsin Ag Supply Co." and lists the address of the debtor as "1420 Elizabeth Street, P.O. Box 257, Baraboo, Wisconsin, 53913." The correct name of the debtor is "Central Wisconsin Ag Supply, Inc." and the business location and mail address of the debtor is Astico, Wisconsin, in Dodge County, more than 40 miles from Baraboo in Sauk County. Dodge County is separated from Sauk County by Columbia County which is approximately thirty miles wide on a line between Baraboo and Astico. The officers of the debtor corporation, Eugene and Nancy Stouffer, reside at the Baraboo address.

On December 29, 1980, defendant Farmers and Merchants Union Bank filed a financing statement with the Secretary of State listing the debtor as Central Wisconsin Ag Supply, Inc., with the Baraboo address. In April of 1982, defendant Terra Chemicals International Inc. filed financing statements with the Secretary of State naming the debtor as Central Wis. Ag Supply, Inc. and listing the Astico address. Defendant Grower Service Corp. also filed a financing statement in April of 1982, naming the debtor as Central Wisconsin Ag Supply, Inc., with the Astico address. In September of 1982, financing statements were filed with the Secretary of State's Office by defendant Royster Company, defendant Ottawa Strong & Strong, Inc. and defendant Terra Chemicals. The Royster financing statement named the debtor as Central Wisconsin Ag Supply, Inc. with the Astico address. The Ottawa Strong & Strong financing statement named the debtor as Central Wisconsin Ag Supply, listing the Astico address. The Terra Chemicals financing statement named the debtor as Central Wis. Ag Supply, Inc., listing the Astico address.

The defendants all deny that plaintiff P.A.G. has a perfected security interest in the inventory and accounts of the debtor. The perfection of other security interests has not been placed at issue in this proceeding.

Wis.Stat. § 409.402(1)(a) sets forth the formal requirements for a financing statement, that section provides:

> A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. A financing statement may be filed before a security agreement is made or a security interest otherwise attaches.

Defendants contend that because both the name of the debtor and the address of the debtor were incorrectly listed, P.A.G.'s financing statement does not satisfy the statutory requirements. P.A.G. relies upon Wis.Stat. § 409.402(8) which allows some variance in the information included in the financing statement. That section provides:

> A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

Thus the question is whether the errors in P.A.G.'s financing statements were seriously misleading. The inquiry as to whether an error is "seriously misleading" must consider the notice-giving function of the Article 9 filing system. *In Re Lucasa International, Ltd.,* 13 B.R. 600, 603 (Bkrtcy.S.D.N.Y.1981). As one commentator has noted: "The test should be whether the error was such that a third-party searcher would be thrown off the trail." B. Clark, *The Law of Secured Transactions Under the Uniform Commercial Code,* ¶ 2.10 at 2–50 (1980).

Courts which have considered whether an erroneous or incomplete name or address on a financing statement is seriously misleading have come to various conclusions. In *In Re Smith,* 508 F.2d 1323, 16 U.C.C.Rep.Serv. 862 (5th Cir.1975), the court found that a financing statement listing the debtor's city, state and zip code, but omitting any street or box number, provided adequate

notice. On the other hand, the complete absence of the debtor's address on a financing statement rendered the filing ineffective in *In Re L & K Transportation Co., Inc.,* 8 B.R. 921 (Bkrtcy.D.Mass.1981). An error in designation of the debtor's corporate status was found "seriously misleading" in *In Re Raymond F. Sargent, Inc.,* 8 U.C.C.Rep.Serv. 583 (Bankr.D.Me.1970), but the reasoning of that case was criticized in *In Re Reeco Electric Co., Inc.,* 415 F.Supp. 238 (D.Me.1976).

The financing statement in the present case includes errors in both the address and corporate designation of the debtor. The combined effect of these errors increases the potential that a creditor would be misled when conducting a search. It would be reasonable for a creditor to believe that there were two separate entities, one incorporated operating in Astico, the other unincorporated, operating in Baraboo. Therefore, the court must conclude that the defects in P.A.G.'s financing statement were seriously misleading as that term is used in Wis.Stat. § 409.402(8) and that P.A.G. failed to comply with the filing requirements of Wis.Stat. § 409.402(1)(a).

An issue which arose at the hearing on this adversary proceeding was the amount of P.A.G.'s claim. However, having determined that the claim is not secured for purposes of 11 U.S.C. § 506, it is unnecessary to determine its allowable amount until such time as there appears to be an estate sufficient to make distributions on unsecured claims.