In re MY PLACE OR YOURS, INC., Debtor.

Bankruptcy No. 83–132.

United States Bankruptcy Court, D. Vermont.

Oct. 4, 1983.

Jerome I. Meyers, Springfield, Vt., trustee, pro se.

Garfield H. Miller, Norwich, Vt., for Upper Valley Refrigeration.

MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

## FACTS

The debtor, My Place or Yours, Inc., a bar and night club which came into corporate existence on June 17, 1982, filed on June 20, 1983, for relief under chapter 7 of the Bankruptcy Code.

On February 2, 1983, "Rick Storm & Rob Niebling D/B/A My Place or Yours" entered into a purchase agreement with Upper Valley Refrigeration Co., Inc. (Upper Valley), a New Hampshire corporation, for a used bottle cooler which was subsequently delivered to the debtor's business premises. A financing statement was filed, within a week thereafter, with the Vermont Secretary of State, and with the Town Clerk of Hartford, Vermont, being the town in which the debtor's business premises was located. The financing statement filed in the office of the Vermont Secretary of State gave the name of the debtor as "Rick Storm & Rob Neibling d/b/a My Place or Yours". The statement was indexed under "Rick Storm" as an individual and was cross-referenced to "Rob Niebling" as an individual; the statement was not cross-referenced to, or indexed under, either "My Place or Yours" or "My Place or Yours, Inc." The financing statement filed in the office of the town clerk of Hartford, Vermont, gave the name of the debtor as "Rick Storm & Rob Niebling d/b/a My Place or Yours" and was indexed under "Rick Storm" individually, "Bob Niebling" individually, and "My Place or Yours" as a fictitious business name, but not under "My Place or Yours, Inc." Each entry was cross-referenced to the other two entries.

On August 5, 1983, the debtor's trustee requested the disallowance of the secured claim in these proceedings of Upper Valley, on the ground that there is no security agreement between the debtor corporation and Upper Valley. The motion of the trustee objecting to the claim of $610.73 came on for a hearing after notice.

## DISCUSSION

The issue for determination is whether the filed financing statements, which give the name of the buyer as two individuals doing business under a trade name, are sufficient to put prospective creditors on inquiry notice that a purchase money security interest exists with respect to an asset of the corporate bankruptcy debtor.

New Hampshire and Vermont determine the validity, nature and extent of the lien of the seller of personal property in a multiple state transaction under Uniform Commercial Code (U.C.C.) section 1–105, 382–A N.H.Rev.Stat. §§ 1–101 *et seq.* (1959), 1–105, 9A Vt.Stat. §§ 1–101 *et seq.* (1966), 1–105. The section provides that, absent an agreement between the buyer and the lienor seller as to choice of law, the law governing disputes as to the secured status of the secured party is that of the jurisdiction designated in U.C.C. section 9–103, 382–A N.H.Rev.Stat. §§ 9–103, 9A Vt.Stat. § 9–103. Section 9–103 requires that Vermont law apply to the instant facts. Thus it has been said that the validity of a lien in a bankruptcy proceeding is governed by the law of the state in which the property is situated. *In re Spectra Prism Industries, Inc.,* 28 B.R. 397, 399, 8 C.B.C.2d 325, 327, 10 B.C.D. 269, 271 (Bkrtcy.App. 9th Cir.1983); *In re Computer Room, Inc.,* 24 B.R. 732, 736 (Bkrtcy.N.D.Ala.1982).

Vermont law requires perfection of the lienor seller's security interest, 9A Vt.Stat. § 9–302, by the filing, *id.* § 9–304, in timely fashion, *id.* § 9–103, of a financing statement, *id.* § 9–403, as to the seller's security interest, *id.* § 9–304, in the office of the Secretary of State and in the office of the clerk of the town where the buyer has his place of business, *id.* § 9–401. In the case of corporate buyers, the section contemplates filing in the name of the corporation. In the case of individuals, it contemplates filing in the individual name, not in a trade name. U.C.C. § 9–402 Official Comment of the American Law Institute. The filing officer indexes the statements according to the name of the buyer. 9A Vt.Stat. § 9–403(4). If these steps are not taken unper-

fected security interest is subordinate to the rights of the trustee in bankruptcy, *id.* § 9–301.

In the instant case, Upper Valley filed, in the proper offices and in timely fashion, a financing statement as to its chattel mortgage. The security interest is unperfected, however, for the reason that the financing statements do not substantially comply with the requirements of section 9–402(1): the statements contain errors which are seriously misleading, *id.* § 9–402(5), as to prospective creditors of the bankruptcy debtor.

Vermont courts have not had occasion to publish opinions construing subsections 9–402(1) and 9–402(5). However, the Court of Appeals for the Second Circuit of the United States has determined that the purpose of the section 9–402 is to afford "the minimum information necessary to put any searcher on inquiry" that a lien might be outstanding against the buyer. *In re Excel Stores, Inc.,* 341 F.2d 961, 2 U.C.C.Rep.Serv. 316 (1965).

The filings in the instant case do not fulfill the "inquiry notice" purpose of section 9–402 as to prospective creditors of the corporation, "My Place or Yours, Inc." Persons searching at the office of the Secretary of State for information as to lienor's interests in the assets of this bankruptcy debtor would have found no indexed entry for the bankruptcy debtor or for the trade name "My Place or Yours." Although the financing statements were signed "My Place or Yours, Inc., by Richard H. Storm", the debtor's name was given as two individuals doing business under a trade name. The statement was properly filed under the name of the individuals. 9A Vt.Stat. 9–403(4), U.C.C. § 9–402 Official Comment. There was no indexed entry in the name of the bankruptcy debtor or under any insignia bearing any resemblance to the bankruptcy debtor, the only filings being those indexed under the names of two individuals. Where there is no resemblance between the properly indexed names of the buyer and the true name of the debtor, the financing statement falls short of the purpose of subsection 9–402(1) and is not redeemable un-

der subsection 9–402(5). *In re Merrill,* 9 UCC Rep. 757 (D.Neb.1971).

Minor errors which are not seriously misleading, do not include designating the debtor as "Rick Storm" or "Rob Niebling" if the "true" debtor is "My Place or Yours, Inc.". *See, Matter of Cent. Wisconsin Ag. Supply, Inc.,* 31 B.R. 479 (Bkrtcy.W.D.Wis. 1983) ("test [*re* § 9–402(5)] should be whether error was such that third-party searcher would be thrown off trail"). The filings under "Storm" and "Niebling" do not afford notice to persons searching the filing system in the name of the instant debtor. The filings, therefore, do not fix the rights of Upper Valley as superior to those of the trustee acting as lienor under Code section 544. *See, Matter of Lucasa Internat'l., Ltd.,* 13 B.R. 600, (Bkrtcy.S.D.N.Y.1981). The fact that the secured party may have filed the statements in good faith does not render the filings effective as against the corporation's trustee in bankruptcy; an effective filing must be made with the Secretary of State, 9A Vt.Stat. 9–401(1)(c), or the security interest is subordinate to the rights of the trustee, 9A Vt. Stat. 9–301(3). *In re Rutland Tile Center, Inc.,* 5 UCC Rep. 1115 (D.Vt.1968); *See also, In re Jerome,* 31 B.R. 266 (Bkrtcy.D.Vt. 1983).

In sum, on the instant facts, the rights of the debtor's trustee as lienor under Code section 544 are superior to the rights of the instant secured party for the reason that the secured party's security interest was not properly perfected. On this basis, Upper Valley is not a secured creditor for the purpose of distribution from the bankruptcy estate. This being so, Upper Valley's claim is allowable as an unsecured claim, but not as a secured claim.

### ORDER

In accordance with the foregoing,

IT IS ORDERED that the claim of Upper Valley be and hereby is DISALLOWED as secured and ALLOWED as an unsecured claim in these proceedings.