**CONTINENTAL CREDIT CORPORATION,**
**Appellant,**

v.

**The WOLFE CITY NATIONAL BANK, Appellee.**

**No. 05–90–01465–CV.**

Court of Appeals of Texas, Dallas.

Dec. 18, 1991.

Jack Myers, Dallas, for appellant.

Robert L. Scott, Greenville, for appellee.

Before BAKER, THOMAS and WHITTINGTON, JJ.

OPINION

WHITTINGTON, Justice.

Continental Credit Corporation appeals the trial court's judgment in favor of Wolfe City National Bank in Continental's suit for conversion. In eight points of error, Continental contends that the trial court erred in: (1) finding that Wolfe City had a perfected security interest in the inventory and accounts receivable of Pawn Partners, Inc.; (2) finding that Judy Summers had authority to subject the inventory and accounts receivable of Pawn Partners, Inc. to liens by Wolfe City; and (3) allowing hearsay testimony from two bank officials. We hold that Wolfe City did not have a valid

security interest in the inventory and accounts receivable of Pawn Partners, Inc. We reverse the trial court's judgment. We render judgment in favor of Continental.

## FACTS

Olin Summers was the sole shareholder of Pawn Partners, Inc. when it purchased Greenville Pawn Shop in January 1982. A few days later, Pawn Partners, Inc. filed an assumed name certificate in Hunt County to do business as Greenville Pawn Shop. Pawn Partners, Inc. operated the Greenville Pawn Shop from the date of purchase until it sold its assets to Continental in 1986.

In 1983, Olin Summers married Judy Owen. At that time, Judy had pre-existing loans and accounts with Wolfe City. The Summers began doing business with Wolfe City, using the name Summers coupled with the trade name of "Greenville Pawn Shop." During the marriage, Judy signed successive promissory notes payable to Wolfe City. She also signed three security agreements, pledging the inventory and accounts receivable of Greenville Pawn Shop as collateral for the notes. Wolfe City filed two financing statements, one with the Secretary of State in Austin and one in Hunt County.

In 1986, Continental purchased the assets of Pawn Partners, Inc. d/b/a Greenville Pawn Shop. Subsequently, Wolfe City, claiming a superior interest in the inventory and accounts receivable, made demand on Continental. Continental refused to return any of the assets it had purchased or the proceeds from the sale thereof. Wolfe City filed this conversion claim.

## STANDARD OF REVIEW

Wolfe City alleged a superior interest or right to the inventory and accounts receivable of Greenville Pawn Shop based on asserted security interests in the property. For conversion to occur, a party must establish an unauthorized and wrongful exercise of dominion and control over another's personal property to the exclusion of or inconsistent with the rights of

the owner. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 447 (Tex.1971); *Catania v. Garage De Le Paix, Inc.,* 542 S.W.2d 239, 241 (Tex.Civ.App.–Tyler 1976, writ ref'd n.r.e.). The party alleging conversion must also establish an interest in and superior right to possession of the converted property at the time of the conversion. *Catania,* 542 S.W.2d at 241.

## CONTINENTAL'S CONTENTIONS

In four points of error, Continental contends that the trial court erred in determining that Wolfe City had a properly perfected security interest. Specifically, Continental contends that Wolfe City's financing statements did not put Continental on notice that Wolfe City claimed an interest in the inventory and accounts receivable of Pawn Partners, Inc. Continental further asserts that Wolfe City's unperfected security interest is subordinate to its rights as a bona fide purchaser from Pawn Partners, Inc. Continental stipulates that it did not perform a search of the Secretary of State's records to determine whether Wolfe City had a perfected security interest in the Pawn Shop's assets. Continental maintains that a search would have been futile because Wolfe City's financing statements did not reveal that Pawn Partners, Inc. was the owner of the property in which it claimed an interest.

## WOLFE CITY'S FINANCING STATEMENTS

The three financing statements filed by Wolfe City contain the following pertinent information:

Financing Statement # 1—

Debtor: Judy and Olin Summers d/b/a Greenville Pawn Shop

Collateral: Inventory in Greenville Pawn Shop

Signature of Debtor: Judy Summers

Filed: October 7, 1984 (Secretary of State)

Financing Statement # 2—

Debtor: Judy Summers d/b/a Greenville Pawn Shop

Collateral: Inventory and Accounts Receivable in Greenville Pawn Shop

Signature of Debtor: Judy Summers

Filed: December 18, 1985 (Secretary of State)

Financing Statement # 3—

Debtor: Judy and Olin Summers d/b/a Greenville Pawn Shop

Collateral: Inventory in Greenville Pawn Shop

Signature of Debtor: Judy and Olin Summers [1]

Filed October 24, 1984 (County Clerk–Hunt County)

## REQUIREMENTS FOR PERFECTED SECURITY INTEREST

■ Section 9.402 of the Texas Business and Commerce Code, as applicable to this suit, sets out the requirements for perfecting a security interest as follows:

(a) **General rule**—A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.

\* \* \* \* \* \*

(g) **Sufficiency of name of the debtor**—A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate name of the debtor, whether or not it adds other trade names or the names of partners. . . .

(h) **Effect of minor errors**—A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

Act of May 24, 1973, 63rd Leg., R.S., ch. 400, § 5, 1973 Tex.Gen.Laws 997, 1022,

*amended by* Act of april 6, 1989, 71st Leg., R.S., ch. 18, § 1, 1989 Tex.Gen.Laws 295, 296 (current version at TEX.BUS. & COM. CODE ANN. § 9.402 (Tex.UCC) (Vernon 1991)).[2] The critical inquiry in assessing whether the creditor has perfected a security interest is whether a reasonably prudent subsequent creditor would have discovered the prior security interest. The trial court must make this assessment based on the particular facts of each case. *In re Lane*, 41 B.R. 285, 288 (Bankr.N.D.Tex.1984).

In *Matter of Hinson & Hinson, Inc.*, 62 B.R. 964 (Bankr.W.D.Pa.1986), "Hinson and Hinson, Inc.," a Pennsylvania corporation, filed a fictitious-name application to do business as "Western Sizzlin' Steak House of Bedford, Pa." A financing agreement was signed by Bernard Hinson showing the lessee as "Hinson and Hinson, Inc. d/b/a Western Sizzlin' Steak House." Thereafter, a financing statement was filed listing the debtor as "Mr. Bernard Hinson d/b/a Western Sizzlin' Steak House." The corporation's name did not appear anywhere on the financing statement. This filing was held ineffective to provide notice to creditors, because a creditor searching for "Hinson and Hinson, Inc." would be misled into believing that there was no security interest in property owned by the corporation. *Id.* at 968.

In *Matter of Lintz West Side Lumber, Inc.*, 655 F.2d 786 (7th Cir.1981) (citing *Hinson & Hinson, Inc.*), the corporation, Lintz West Side Lumber, Inc., was indebted to a bank. A financing statement purporting to grant a security interest to the bank was executed. The financing statement listed the individuals, John and Mayella Lintz, as debtors. The court held that the failure to include the correct name of the debtor corporation in the financing statement was seriously misleading because subsequent creditors had to depend upon a government official to search state records for the financing statement. *Id.* at 791. The court stated that, as a duly constituted

---

**1.** Although this financing statement purports to bear Olin's signature, Judy pleaded guilty to criminal charges that she forged his name on the document.

**2.** All future references to section 9.402 refer to the earlier version that was in effect at the time this suit was filed.

corporation, Lintz West Side Lumber, Inc. is a legal entity separate and distinct from John and Mayella Lintz, whose names appeared on the financing statement. *Id.* The court held that the names of the debtors were not sufficiently similar to provide a creditor or official searching the records with reasonable notice of the bank's security interest. *Id.*

Similarly, Pawn Partners, Inc. is a legal entity separate and distinct from Judy Summers, Olin Summers, and Greenville Pawn Shop, whose names appear on the financing statements. Following the reasoning in *Lintz West Side Lumber, Inc.*, Wolfe City's failure to include the correct name of the debtor corporation in the financing statement was seriously misleading. Furthermore, we cannot say that the names of the debtors were sufficiently similar to provide a creditor or official searching the records on behalf of a creditor with reasonable notice of Wolfe City's security interest.

*In re My Place or Yours, Inc.*, 34 B.R. 197 (Bankr.D.Vt.1983), presents a very similar circumstance and question: whether a filed financing statement, which listed the name of the debtor as an individual doing business under a trade name, is sufficient to put prospective creditors on notice that a purchase money security interest exists with respect to an asset of the corporate bankruptcy debtor. In the case of individuals, section 9.402 of the Texas Business and Commerce Code contemplates filing in the individual name, not in the tradename. *In re My Place or Yours, Inc.*, 34 B.R. 197, 198 (Bankr.D.Vt.1983). In the case of corporate debtors, the section contemplates filing in the name of the corporation. *Id.* The court held that, where there is no resemblance between the properly indexed names of the debtor and the true name of the debtor, the financing statement falls short of the purpose of section 9.402. In addition, the court stated that minor errors, which are not seriously misleading, do not include designating the debtor under his or her individual name if the true debtor is a corporation. *Id.* at 199.

In this case, all of the financing statements filed list the debtor as "Judy Summers d/b/a Greenville Pawn Shop" or "Judy and Olin Summers d/b/a Greenville Pawn Shop." None of the statements refer to "Pawn Partners, Inc.," the true owner. Wolfe City filed financing statements in the names of an individual or individuals. While these financing statements were properly filed under the individual's or individuals' names, the named parties were not the true owners. There being no similarity between the indexed name of the individual or individuals and the true name of the owners, the financing statements of Wolfe City are not effective to perfect a security interest in the assets of Pawn Partners, Inc. Designating the debtors as "Judy Summers d/b/a Greenville Pawn Shop" or "Judy and Olin Summers d/b/a Greenville Pawn Shop" when the true owner is "Pawn Partners, Inc." is not a minor error that would not be seriously misleading.

Continental contends that no Texas case is dispositive of this appeal. Wolfe City argues that three cases address the issue presented here. *See In re Lane*, 41 B.R. 285 (Texas Law); *In re McBee*, 714 F.2d 1316 (5th Cir.1983) (Texas law); *Matter of Glasco, Inc.*, 642 F.2d 793 (5th Cir. Unit B, April 1981) (Florida Law).

In *Lane*, C.G. Lane and E. Lane opened a Hallmark Shop as a sole proprietorship under the name of "E'Lane's Expression Shoppe." Two years later, they formed a partnership with B & J Franklin for ownership of a retail sales outlet under the tradename of "E'Lane's Agape Book Store." Two years after that, the partnership opened a third business, and the partnership amended the partnership agreement to reflect the name change to "E'Lane's." The financing statement listed the debtors as "Charles E. and Elaine Lane and J.E. and Billie Franklin, d/b/a E'Lane's Expression Shoppe." In *Lane*, there was a change in the status of ownership, and the name of the partnership had the same first name as the tradename of the sole proprietorship. Each of the relevant tradenames contained the first name "E'Lane's," which would have been discovered by a party searching for the name of the partnership.

Based on these facts, the court held that the tradename contained the name "E'Lane's" and that a subsequent creditor searching the record would be put on notice to inquire further. *Lane*, 41 B.R. at 288.

Our case differs from *Lane*. Here, there was never a change in the status of ownership of Pawn Partners, Inc. d/b/a Greenville Pawn Shop. On all occasions Wolfe City listed the debtors as "Judy Summers d/b/a Greenville Pawn Shop" or "Judy and Olin Summers d/b/a Greenville Pawn Shop." Neither name is similar to the actual owner, Pawn Partners, Inc. We are unwilling to say that a reasonable creditor searching under the names of "Greenville Pawn Shop" or "Judy Summers" or "Judy Summers and Olin Summers" would have been put on reasonable notice to inquire whether the assets of "Pawn Partners, Inc." had been pledged as collateral for the promissory notes in this case.

In *Glasco, Inc.*, the legal corporate name of the business was "Glasco, Inc." However, the debtor operated its business solely under the name "Elite Boats, division of Glasco, Inc." The debtor executed promissory notes and a security agreement in the name of "Elite Boats, division of Glasco, Inc." The bank listed the debtor on the financing statement as "Elite Boats, division of Glasco, Inc." Although the financing statement was indexed under the name "Elite Boats, division of Glasco, Inc.," the Secretary of State's office did not cross-index it under "Glasco, Inc." *Glasco*, 642 F.2d at 795. The trustee requested a search only under "Glasco, Inc.," not under "Elite Boats" or "Elite Boats, division of Glasco, Inc.," and the financing statements were not discovered. The court in *Glasco* held that, in its case, listing the debtor on the financing statement solely by the tradename in which it consistently and exclusively did business was not misleading to subsequent creditors. *Id.* at 796. The court there indulged in the following presumption: "apparently the same name was used in its bills, contracts and telephone listing because there is no indication in the record the debtor ever used the name of just 'Glasco, Inc.,' or any other name." This presumption is precluded in our case be-

cause all of the financing statements were filed with the debtor being shown as "Judy Summers d/b/a Greenville Pawn Shop" or "Judy and Olin Summers d/b/a Greenville Pawn Shop." The evidence is unchallenged that Pawn Partners, Inc., not Judy Summers or Olin Summers, was the owner of the assets of Greenville Pawn Shop. A creditor searching for the owner of Greenville Pawn Shop would be misled because a search under "Greenville Pawn Shop" or "Summers" would not have revealed the name of "Pawn Partners, Inc.," the actual owner of the property.

This issue was again addressed by the Fifth Circuit in *In re McBee*, 714 F.2d 1316 (5th Cir.1983). There, a sole proprietorship owned by C. McBee operated under the tradename of "Oak Hill Gun Shop." A bank filed a financing statement showing the debtor to be "Oak Hill Gun Shop." A subsequent creditor filed a financing statement under the name of "C.K. McBee d/b/a Oak Hill Gun Shop." The court stated that, in most cases of individual ownership, filing under a trade name will be seriously misleading and thus insufficient to perfect a security interest. *McBee*, 714 F.2d at 1321. However, this rule is neither absolute nor applied rigidly without reference to the Code's overriding goal of "sufficient notice." *Id.* at 1321.

We determine that "sufficient notice" was not given to Continental by the filing of financing statements in the name of "Judy Summers d/b/a Greenville Pawn Shop" or "Judy and Olin Summers d/b/a Greenville Pawn Shop." The futility of discovering a financing statement filed under the name of "Summers" while searching for "Pawn Partners, Inc." is obvious. We cannot say that a creditor acting reasonably would have found these financing statements, because there was neither a filing under "Pawn Partners, Inc.," the true debtor, nor under "Greenville Pawn Shop," the tradename under which Pawn Partners, Inc. operated. We conclude that the financing statements in this case are seriously misleading and, therefore, ineffective to perfect Wolfe City's security interest.

Because the filings of the financing statements in this case were ineffective to perfect a security interest in the assets of Pawn Partners, Inc., we need not determine whether Judy Summers had authority to place a lien on the assets of Pawn Partners, Inc. Such an inquiry is of no consequence in disposing of the case at hand. Continental dealt exclusively with Pawn Partners, Inc., and its entitlement derives from its purchase of the property from its owner, Pawn Partners, Inc. The remaining points raised on appeal are not relevant to a disposition of the case and will not be considered. We reverse the trial court's judgment. We render judgment in favor of Continental.