Conely v. Preston et al. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-243-CV

     PATRICK E. CONELY,
                                                                                              Appellant
     v.

     ROBERT PRESTON, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,585
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Conely appeals from the order dismissing his pro se informa pauperis action as
frivolous. We affirm.
      On May 20, 1994, Appellant sued Appellees under the Tort Claims Act, alleging that: (1)
Appellant, an inmate of the Texas Department of Criminal Justice in Gatesville, received two
pictorial magazines from Publishers Service in Los Angeles, California; (2) Appellant's next door
neighbor is inmate Young; (3) as Appellant attempted to show inmate Young the cover of one of
the pictorials, Appellee Preston, an officer employed by TDCJ, knocked the pictorial out of
Appellant's hand; (4) Appellee Preston neither returned the magazine to Appellant nor turned it
in to the property room; (5) Appellant presented this matter as a grievance to the unit; and (6) the
grievance came back denied stating, "for your information trafficking and trading is a rule
violation. The magazine was found lying on the run. It was torn and appeared to be trash. Half
of the inmates in 4 Section claimed ownership. The magazine had no address label affixed. The
envelope you attached does not identify the magazine; ownership is not determined on items
confiscated from the run. Grievance Denied."
       Appellant sought damages of $2,000 for mental anguish; $4.50 for replacement of the
magazine; and $1,000 punitive damages.
      On July 11, 1994, Appellees filed a motion to dismiss the suit as frivolous asserting
Appellant's claims were not covered by the Tort Claims Act.
      On July 13, 1994, Appellant filed an amended petition alleging that Appellee Preston
unlawfully converted Appellant's personal property, the pictorial magazine, without due process
of law, and sought damages as in his original petition.
      On July 25, 1994, the trial court granted Appellees' motion and Appellant's suit was
dismissed.
      Appellant appeals on four points of error asserting: (1) the trial court erred in dismissing his
suit without conducting a fact finding hearing; (2) the trial court erred in rendering judgment
against Appellant on a claim arising out of conversion of property; (3) the trial court abused its
discretion by not construing Appellant's allegations in his favor and permitting him to offer
evidence; and (4) the trial court erred in rendering judgment against Appellant for claims arising
from deprivation of liberty and property interest.
      Appellant's suit was dismissed pursuant to Texas Civil Practice & Remedy Code, section
13.001, Dismissal of Action, which provides:
(a) A court in which an affidavit of inability to pay under Rule 145, T.R.C.P., has been
filed may dismiss the action on a finding that:
(1) The allegation of poverty in the affidavit is false;
(2) The action is frivolous or malicious.
(b) In determining whether the action is frivolous or malicious, the court may consider
whether:
(1) The action's realistic chance of success is slight;
(2) The claim has no arguable basis in law or fact; or
(3) It is clear that the party cannot prove a set of facts in support of the claim.
(c) An action may be dismissed under subsection (a) as frivolous or malicious either
before or after service of process.
      The trial court has broad discretion to determine whether a suit, filed pursuant to Texas Rules
of Civil Procedure 145, should be dismissed as frivolous under section 13.001 of the Civil Practice
& Remedy Code. Johnson v. Lynaugh, 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989).
      Section 13.001 mirrors 28 U.S.C. § 1915(d), the federal statute empowering federal courts
to dismiss frivolous or malicious informa pauperis actions. The U.S. Supreme Court explained
the congressional intent behind section 1915(d):
Congress recognized that a litigant whose filing fees and court costs are assumed by the
public, unlike a paying litigant, lacks an economic incentive to refrain from filing
frivolous, malicious or repetitive lawsuits.
Kendrick v. Lynaugh, 804 S.W.2d 153, 155 (Tex. App.—Houston [14th Dist.] 1990); Johnson v.
Peterson, 799 S.W.2d 345, 346 (Tex. App.—Houston [14th Dist.] 1990); Huntsberry v. Lynaugh,
807 S.W.2d 16 (Tex. App.—Tyler 1991); Johnson v. Lynaugh, 796 S.W.2d 705 (Tex. 1990).
      Appellant's suit was first brought under the Texas Tort Claims Act. He failed to allege any
use or misuse of tangible property belonging to the State. Thus he could not prove a set of facts
to sustain this claim. His amended petition alleged Appellees converted his pictorial magazine.
      Appellant's first and third points contend the trial court should have conducted a fact finding
hearing. An informa pauperis action can be dismissed at any time, before or after service of
process.
      Points two and four contend the trial court erred in rendering judgment against Appellant on
a claim arising out of conversion of property. Appellant did not show that he had title or right of
possession of the magazine and thus could not maintain an action for conversion. Catenia v.
Garage de la Paix, Inc., 542 S.W.2d 239 (Tex. App.—Tyler 1976).
      The trial court did not abuse its authority in dismissing Appellant's action as frivolous. 
Appellant's points of error are all overruled and the trial court's judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 12, 1995
Do not publish