**ALAN ACCEPTANCE CORPORATION, Appellant,**

v.

**EAST TEXAS NATIONAL BANK OF PALESTINE, Texas, Appellee.**

**No. 12–97–00074–CV.**

Court of Appeals of Texas, Tyler.

Aug. 13, 1998.

Daniel F. Dean, Palestine, for appellant.

Michael E. Jarrett, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

On July 22, 1998, East Texas National Bank of Palestine, Texas, Appellee, filed a Motion for Judgment Nunc Pro Tunc requesting that the judgment of May 28, 1998 be conformed to properly reflect the intent of its opinion herein delivered that same day. Although East Texas National Bank of Palestine, Texas, Appellee, did not request a correction, it noted that the style of the case was also in error. Accordingly, on this court's own motion, the original opinion heretofore delivered on May 28,- 1998 and styled "East Texas National Bank of Palestine, Texas, Appellant v. Sherdeana Owens Estakhr & Alan Acceptance Corporation, Appellee" is withdrawn that the style may be corrected, and it is hereby reissued under the correct style: "Alan Acceptance Corporation, Appellant v. East Texas National Bank of Palestine, Texas, Appellee." There are no substantive changes in this corrected opinion.

This is an appeal from a judgment in a proceeding in which East Texas National Bank of Palestine ("the Bank") sued Alan Acceptance Corporation ("Alan") and Dr. Sherdeana Owens Estakhr ("the Dentist") under a conversion theory. After a trial to the court, Alan was found liable for conversion of property in which the Bank had a security interest. A default judgment was taken against the Dentist, who is not a party to this appeal. Alan files three points of error, and the Bank files one counterpoint. We will affirm.

The Dentist purchased dental equipment from E–Tex Dental. With invoice in hand, she went to the Bank and applied for a $20,000 loan, presumably to pay for the equipment. A security agreement was entered into, with all of the dental equipment as collateral, and the Bank filed a UCC–1. The loan proceeds were paid directly to the Dentist rather than to E–Tex Dental. In an unrelated transaction, she and Alan entered into a contract whereby Alan agreed to purchase some of the equipment, which the Dentist would then lease. Although the equipment had been delivered to the Dentist several months earlier, E–

Tex Dental issued another invoice reflecting that it was selling to Alan some of the same equipment which it had purportedly already sold to the Dentist. Alan paid E-Tex in full, then filed a UCC-1. The dentist defaulted on her loan and her lease. Alan repossessed some of the equipment, including a few items which were not on its lease agreement. The Bank then filed suit against Alan for conversion.

■■■ In its first point of error, although not stated in such a manner, Alan is apparently challenging the sufficiency of the evidence supporting the trial court's findings of fact. We will presume, in the interest of justice, that it is complaining that the trial court erred when it found one or more of the following:

1. On October 8, 1993, E/TEX DENTAL, INC. sold dental equipment to Dr. Sherdeana Owens Estakhr ("Dr.Estakhr"). E/TEX DENTAL, INC. delivered the dental equipment and placed the equipment in possession of Dr. Estakhr in Palestine, Texas, on or before November 5, 1993.

3. East Texas National Bank of Palestine, Texas filed a UCC-1 with the Secretary of State on December 13, 1993.

5. E/TEX DENTAL, INC. delivered an invoice dated October 8, 1993, for dental equipment to Alan Acceptance Corporation. Alan Acceptance Corporation paid for the dental equipment by check dated Jan. 14, 1994. The dental equipment was never placed in the possession of Alan Acceptance Corporation, but instead was immediately leased to Dr. Estakhr.

While findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon jury questions, the trial judge's findings of fact are not conclusive when a complete statement of facts appears in the record. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex. Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curiam,* 699 S.W.2d 199 (Tex.1985). The court's findings of fact are reviewable for factual sufficiency of the evidence by the same standards that are applied in reviewing the evidence supporting a jury's answer. *Zieben v. Platt,* 786 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1990, no writ). When reviewing a judgment to determine factual insufficiency of the evidence, this court must consider and weigh all of the evidence, and should set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

Alan contends that the trial court erred in finding that the Bank's security interest was superior to Alan's where the Bank's original UCC filing failed to list any secured creditor. The Bank filed a UCC-1, but did not complete the portion of the form which asked for the name of the secured party and its address. The Bank did, however, sign as the secured party through its executive vice president. The Bank argues that this put Alan on notice that there was a lien on the equipment, and it had a duty to further investigate. *Citing Continental Credit Corp. v. Wolfe City Nat'l. Bank,* 823 S.W.2d 687 (Tex. App.—Dallas 1991, no writ). The Bank's most persuasive argument, however, is that Alan never had a security or an ownership interest in the equipment at all. Consequently, its UCC-1, whether defective or not, is immaterial to their action against Alan. As the Bank points out, when E–Tex Dental delivered the equipment to the Dentist, she gained title to the equip-

ment. According to Section 2.401(b) of the Texas Business and Commerce Code, "... title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods ..." TEX. BUS. & COM. CODE ANN. § 2.401(b) (Vernon 1994). Furthermore, E–Tex Dental's representative testified that it sold the equipment to the Dentist. There is no documentary or testimonial evidence that the Dentist ever sold the equipment to Alan. There is also no evidence that she and Alan entered into a loan transaction wherein she executed a security agreement with the equipment as collateral. There is a second invoice from E–Tex Dental which states that the equipment was being sold to Alan but delivered to the Dentist, as well as a lease agreement of that equipment. From a review of the record, however, the equipment was delivered long before that second invoice was issued (although the invoice was backdated to reflect the original invoice date). We hold that the findings of fact, as stated earlier, are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Alan did not have a security interest in the equipment and, consequently, had no right to "repossess" it. Point of error one is overruled.

■ In its second point of error, Alan asserts that the trial court erred in awarding any damages to the Bank because the appraiser, who was the Bank's expert witness on the value of the repossessed property, had not seen the equipment for two months prior to its repossession, and had not seen it afterwards. This is presumably a complaint of the legal sufficiency of the evidence supporting the following finding of fact: "Wayne McKenzie valued the collateral repossessed by Alan Acceptance Corporation at $15,000.00 to $18,000.00." In reviewing an attack on the legal suffi-

ciency of the evidence, or a "no evidence" point, we consider only the evidence and reasonable inferences that tend to support the trial court's findings, and disregard all evidence and inferences to the contrary. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex.1990). If there is more than a scintilla of evidence to support the finding, the court of appeals may not overturn the finding on a no evidence point of error. *Responsive Terminal Systems, Inc. v. Boy Scouts of America*, 774 S.W.2d 666, 668 (Tex.1989).

The expert, an employee of E–Tex Dental, testified that he sold the equipment in question to the Dentist, that his business was to regularly engage in the buying and selling of new and used dental equipment for dentists and dentists' offices, that he had an opinion as to what the fair market value of the equipment in question was at the time and place of the repossession, that he had an opinion as to the value of the equipment two months after the date it was sold, accounting for normal wear and tear on the equipment, and that his opinion was that the fair market value of the equipment was $15,000 to $18,000 at the time it was repossessed. His opinion was undisputed as to the fair market value of the dental equipment.

■ The proper measure of damages for conversion is the fair market value of the items converted at the time of the conversion. *Commercial Credit Corp. v. Flores*, 345 S.W.2d 432, 433 (Tex.Civ. App.—Eastland 1961, writ ref'd n.r.e.). It is axiomatic that a witness may not testify to the fair market value of an item unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. TEX. R. CIV. EVID. 602. On the other hand, the facts or data in the case upon which an *expert* bases an opinion or inference may be those perceived by, reviewed by, or made known

to the expert at or before the hearing. TEX. R. CIV. EVID. 703. The expert witness in the instant case had first-hand knowledge of the equipment as recently as two months before the repossession. He knew, from his own professional experience as a dealer of new and used dental equipment, the effect of two months of normal wear and tear and how it would devalue the equipment. We hold that, based upon the personal and professional knowledge of the expert witness, there is more than a scintilla of evidence to support a finding of damages in this case. Point of error two is overruled.

■ In its third point of error, Alan complains that the errors committed by the trial court, combined with the trial court's failure to make germane findings of fact and conclusions of law regarding the only cause of action pled by the Bank, have resulted in harmful, reversible error. Alan argues that although the Bank sued upon the theory of conversion, the findings of fact and conclusions of law did not specifically mention conversion. Alan also maintains that the trial court failed to enter a finding as to the value of the property repossessed.

■ When a complaining party has properly requested amended findings as justified by the record, and has timely brought the trial court's failure to amend those findings to the trial court's attention, then the failure to amend the findings is presumed to constitute harmful error. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 119 (1944). This presumption can be overcome only if the record affirmatively shows that the complaining party suffered no injury. *Id.* at 120. To determine whether the trial court's decision not to amend the findings caused the complaining party injury, the court must find that the findings of fact and conclusions of law prevented the complaining party from making a proper presentation of the case to the appellate court. *Fraser v. Goldberg*, 552 S.W.2d 592, 593–94 (Tex.Civ.App.— Beaumont 1977, writ ref'd n.r.e.). The factors to consider are: 1) was there a complete statement of facts and exhibits; 2) was it an uncomplicated fact situation; 3) did appellant have adequate notice of the claims brought against him; and 4) was there little or no dispute as to the fact situation. *Id.* at 594.

It is undisputed that the trial court did not file findings of fact on the specific elements of conversion, and that Alan did request those findings. In addition, the only finding on damages stated that, "Wayne McKenzie valued the collateral repossessed by Alan Acceptance Corp. at $15,000 to $18,000." We agree that the lower court erred in refusing to amend or add to its findings of fact. In this case, however, we conclude that Alan was nevertheless able to make a proper presentation to this court. The majority of facts were undisputed. It was not a complicated fact situation, and consequently there was a short statement of facts. And the Bank pled only one ground of recovery against Alan. In addition, the trial court *did* find that the Dentist, not Alan, owned the dental equipment, and that it repossessed that equipment, which was valued between $15,000 and $18,000. We hold that the record affirmatively shows that Alan suffered no injury by the trial court's failure to include additional findings of fact. We overrule point of error three.

■ In its counterpoint, the Bank complains that the trial court erred in entering a judgment for it in the amount of $10,500 when the only evidence as to damages in the trial was $15,000 to $18,000. The Bank argues that Wayne McKenzie, who was qualified and tendered as an expert witness, testified at trial as to the fair market value of the dental equipment. He

concluded without objection that the fair market value of the equipment at the time it was repossessed was $15,000 to $18,000. Alan did not offer any controverting evidence at trial. The Bank asserts that the value was conclusively established, and that the trial court's award constitutes reversible error on legal sufficiency grounds. We disagree. In addition to McKenzie's testimony, the Bank also cross-examined Alan's trial representative regarding the notes given to him by the company which physically repossessed the equipment. Notations that certain items were in good shape, poor shape, unsellable, etc. were read into the record. There was also evidence of the amount for which each item was actually sold. We hold that there was more than a scintilla of evidence to support an award of $10,500 in damages. We overrule the Bank's only point of error and *affirm* the trial court's judgment.